1  PETER R. DION-KINDEM (SBN 95267)
   PETER R. DION-KINDEM, P. C.
2  DION-KINDEM & CROCKETT
   21271 Burbank Blvd., Suite 100
3  Woodland Hills, California 91367
   Telephone: (818) 883-4400
4  Fax:       (818) 676-0246

5  Attorneys for Plaintiff United Steelworkers
   Of America Local Union 8065

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11                                    CV09-7033 RGK PLAx

12 United Steelworkers              Case No.
   Of America Local Union 8065,
13                                  **Complaint for Damages**
14        Plaintiff,               **Demand for Jury Trial**

15        vs.

16 Tamco Steel, Inc.,

17        Defendant.

18        UNITED STEELWORKERS OF AMERICA LOCAL UNION 8065

19 ("Local 8065") on behalf of certain of its bargaining unit members who are former

20 employees of Tamco Steel, Inc., by way of Complaint against Tamco Steel, Inc.,

21 (hereinafter referred to as "Tamco" or "Defendant") by and through its counsel,

22 alleges as follows:

23                    **NATURE OF THE ACTION**

24 1.    This is a civil action for collection of unpaid wages and benefits for sixty

25       (60) calendar days pursuant to the Worker Adjustment and Retraining

26       Notification Act of 1988 ("WARN"), 29 U.S.C. §§ 2101-2109 *et seq*. and its

27       California counterpart, California Labor Code §§ 1400 *et seq*. (collectively

28       the "WARN Act").

DION-KINDEM & CROCKETT

2. Certain bargaining unit employees, represented by Plaintiff, were terminated as part of, or as a result of mass layoffs ordered by Defendant. Defendant violated the WARN Act by failing to give the Plaintiff at least 60 days' advance written notice of termination as required by the WARN Act.  As a consequence, the Plaintiff is entitled under the WARN Act to recover from Defendant, on behalf of all affected bargaining unit employees, 60 days' wages and ERISA benefits, none of which has been paid.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104 (a)(5).

## THE PARTIES

4. At all relevant times, Local 8065 has been a labor organization as defined by Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, and the "affected employee's" "representative" as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 *et seq.* and maintains its office at Fontana, California.

5. Local 8065 is authorized to maintain a lawsuit as an independent legal entity under section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

6. Local 8065, as a representative of Defendant's bargaining unit employees, is authorized to bring suit on behalf of said employees for violation of the WARN Act under 29 U.S.C. § 2104(a)(5) and its California counterpart, California Labor Code §§ 1400 *et seq.*

7. Upon information and belief, at all relevant times, Defendant was a California corporation that owned, operated and maintained an office at 12459 Arrow Highway Rancho Cucamonga, California 91739  (the "Facility").

8. On or about December 12, 2008, Defendant ordered the termination, without cause, of approximately 193 bargaining unit employees at the

**Complaint**
2

DION-KINDEM & CROCKETT

| | |
|---|---|
| 1 | Facility without providing Plaintiff with a notice required by the WARN |
| 2 | Act. |

### THE CLAIM FOR RELIEF

9.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 as if set forth in their entirety.

10.   At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq. and employed more than 50 employees at its Facility.

11.   At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a) and its California counterpart, California Labor Code §§ 1400 et. seq.

12.   At all times relevant herein, Local 8065 represented certain employees of Tampco pursuant to a collective bargaining agreement which existed between Local 8065 and Tamco.

13.   At all times relevant herein, members of Local 8065 were "employees" of Defendant as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq.

14.   At all times relevant herein, Local 8065 was the "representative" of the members of Local 8065 who were employees of Tamco as defined by 29 U.S.C. § 2101 of WARN and its California counterpart, California Labor Code §§ 1400 et seq.

15.   On or about December 12, 2008, the Defendant ordered a "mass layoff" as that term is defined by 29 U.S.C. § 2101(a)(2) and (3) and its California counterpart, California Labor Code §§ 1400 et seq., by ordering the termination of the employment of approximately 193 Tamco bargaining

**Complaint**

DIXON-KINDEM & CROCKETT

1    unit employees who worked at the Facility and who were represented by

2    Local 8065 (the "Aggrieved Employees").

3  16.   Defendant's actions at the Facility resulted in an "employment loss" for at

4    least thirty-three percent of its employees, and at least 50 of its employees,

5    excluding (a) employees who worked less than six of the twelve months

6    prior to the date WARN notice was required to be given and (b) employees

7    who worked an average of less than 20 hours per week during the 90-day

8    period prior to the date WARN notice was required to be given.

9  17.   Defendant's permanent termination of the Aggrieved Employees constituted

10    a "Mass Layoff" or "Mass Layoffs" as defined by 29 U.S.C. § 2101 of

11    WARN and its California counterpart, California Labor Code §§ 1400 *et*

12    *seq.*

13  18.   The members of Local 8065 who were employed by Defendant and then

14    terminated by Defendant as a result of Defendant executing  mass layoffs at

15    the Facility in or about December 12, 2008 were "affected employees" as

16    defined by 29 U.S.C. § 2101 of WARN and its California counterpart,

17    California Labor Code §§ 1400 *et seq.*

18  19.   Pursuant to Section 2102 of  WARN  and 20 C.F.R. § 639, Defendant was

19    required to provide Plaintiff at least 60 days prior written notice identifying

20    the employees who would be terminated and the dates of their terminations.

21  20.   Defendant failed to give Local 8065, the representative of the Aggrieved

22    Employees, at least sixty (60) days prior written notice, identifying which

23    employees would be terminated and the dates of their termination as

24    required by WARN § 2102 and 20 C.F.R.  § 639.1 - § 639.10 *et seq.* and its

25    California counterpart, California Labor Code §§ 1400 *et seq.*

26  21.   Defendant failed to pay the Aggrieved Employees their respective wages,

27    salary, commissions, bonuses, accrued holiday pay and accrued vacation for

28    60 working days following their respective terminations, and failed to make

**Complaint**

4

1  the pension and 401(k) contributions, provide other employee benefits

2  under ERISA, and pay their medical expenses for 60 calendar days from and

3  after the dates of their respective terminations.

4  22.  As a result of Defendant's failure to pay the wages, benefits and other

5  monies, the Aggrieved Employees were damaged in an amount equal to the

6  sum of the members' unpaid wages, accrued holiday pay, accrued vacation

7  pay, accrued sick leave pay and benefits which would have been paid for a

8  period of sixty (60) calendar days after the date of the members'

9  terminations.

10  WHEREFORE, the Plaintiff demands judgment against the Defendant as

11  follows:

12  1.  An amount equal to the sum of all of the Aggrieved Employees' unpaid

13  wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation

14  pay, pension and 401(k) contributions and other ERISA benefits, for sixty

15  (60) days following the member employee's termination that would have

16  been covered and paid under the then applicable employee benefit plans had

17  that coverage continued for that period, all determined in accordance with

18  the WARN Act, 29 U.S.C. §2104(a)(1)(A) and its California counterpart,

19  California Labor Code §§ 1400 *et seq.*

20  2.  Interest as allowed by law on the amounts owed under the preceding

21  paragraphs.

22  3.  The reasonable attorneys' fees and the costs and disbursements the Plaintiff

23  incurs in prosecuting this action, as authorized by the WARN Act, 29

24  U.S.C. § 2104(a)(6) and its California counterpart, California Labor Code

25  §§ 1400 *et seq.*

26  4.  Such other and further relief as this Court may deem just and proper

27

28

DION-KINDEM & CROCKETT

**Complaint**

5

Dated: September 24, 2009                 DION-KINDEM & CROCKETT

By: _____
    Peter R. Dion-Kindem, P.C.
    Peter R. Dion-Kindem,
    Attorneys for Plaintiff

SUGAR LAW CENTER
FOR ECONOMIC AND SOCIAL JUSTICE
John Philo (P52721)
2727 Second Avenue, Suite 327
Detroit, MI 48201
Telephone:  (313) 962-6540
 Facsimile:  (313) 962-4492

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen
Vance McCrary
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, AL  36652
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine, 3rd Floor
Detroit, Michigan 48226
P: (313) 962-6540

DION-KINDEM & CROCKETT

**Complaint**
6

1

## DEMAND FOR JURY TRIAL

2          Plaintiff demands a jury trial in this case.

3   Dated: September 24, 2009              DION-KINDEM & CROCKETT

4

5

6                                          BY: _____
                                               PETER R. DION-KINDEM, P.C.
7                                              PETER R. DION-KINDEM,
                                               Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DION-KINDEM & CROCKETT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| United Steelworkers Of America Local Union 8065 | Tamco Steel, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Peter R. Dion-Kindem, Dion-Kindem & Crockett 21271 Burbank Blvd., Suite 100 Woodland Hills, California 91367 phone: 818-883-4400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), 29 U.S.C. §§ 2101-2109 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-7033

FOR OFFICE USE ONLY:   Case Number:_____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                          ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                          ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                          ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date   9/24/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 7033 RGK (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Peter R. Dion-Kindem (SBN 95267)
Dion-Kindem & Crockett
21271 Burbank Blvd., Suite 100
Woodland Hills, California 91367
Telephone: (818) 883-4400
Fax:        (818) 676-0246

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United Steelworkers Of America Local Union 8065 | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-7033 RGK PLAx |
| v. | |
| Tamco Steel, Inc. | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): Tamco Steel, Inc.

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Peter R. Dion-Kindem _____, whose address is 21271 Burbank Blvd., Suite 100, Woodland Hills, CA 91367 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **2 8 SEP 2009** _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*